**SO ORDERED: July 31, 2008.**

_____
**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Robert Spencer Jenks, Jr., and | ) | |
| Monica Rose Jenks, | ) | Case No. 08-90350-BHL-13 |
| | ) | |
| Debtors. | ) | |

### ORDER

This matter comes before the Court on the Trustee's **Objection to Confirmation of Amended Plan** filed on April 28, 2008. A hearing was held on May 28, 2008, at which time the matter was taken under advisement. The Trustee submitted his **Memorandum of Law in Opposition to Debtors' Claimed Exemption in Residential Real Estate** on June 16, 2008. The debtors then filed their **Memorandum of Law Supporting Exemption Stacking** on June 30, 2008. Having considered the foregoing, and for the reasons set forth below, the Court finds that the Trustee's **Objection to Confirmation of Amended Plan** should be, and hereby is, **SUSTAINED**.

<u>Memorandum</u>

11 U.S.C. § 522 allows a debtor who has sought relief under the Bankruptcy Code to exempt a sum certain value of listed assets from the bankruptcy estate.  11 U.S.C. § 522(d) sets out the amount of the allowed exemption for each asset listed.  Some states, including Indiana, have chosen to "opt out" of § 522(d) and set forth their own exemption amounts.  Indiana's exemption amounts are set forth in I.C. 34-55-10-2.  At issue here is whether two subsections of I.C. 34-55-10-2, when read together, allow the debtors to "stack" exemptions and apply each to exempt equity on the debtors' homestead.  The two subsections at issue are I.C. 34-55-10-2(c)(1) and (2) and state as follows:

> (c) The following property of a debtor domiciled in Indiana is exempt:
> (1) Real estate or personal property constituting the personal or family residence of the debtor or a dependent of the debtor, or estates or rights in that real estate or personal property, of not more than fifteen thousand dollars ($15,000).  The exemption under this subdivision is individually available to joint debtors concerning property held by them as tenants by the entireties.
> (2) Other real estate or tangible personal property of eight thousand dollars ($8,000).

The debtors currently own residential real property worth seventy thousand dollars ($70,000).  This property is encumbered by a mortgage in the amount of twenty-eight thousand and thirty-five dollars ($28,035), leaving them forty-one thousand nine hundred and sixty-five dollars ($41,965) of equity.  Each debtor took the allowed exemption of fifteen thousand dollars ($15,000) for their personal or family residence pursuant to I.C. 34-55-10-2(c)(1), thereby exempting thirty thousand dollars ($30,000) of their residential equity.  The trustee had no objection to the debtors' use of this exemption.  However, the debtors then turned to I.C. 34-55-

2

10-2(c)(2) to exempt the remaining eleven thousand nine hundred and sixty-five dollars ($11,965) of equity in the property. The trustee did object to the use of this exemption on the grounds that the debtors have maximized the use of the homestead exemption of I.C. 34-55-10-2(c)(1) and that the plain reading of the Indiana statute precludes the debtors from using the exemption of I.C. 34-55-10-2(c)(2) on their personal residence.

When a statute's language is plain, the sole function of the court is to enforce the statute according to its terms, so long as the disposition required by the statute's text does not produce an absurd result. *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004). This "plain-meaning approach" is to be used when there exists no ambiguity in the text of the statute. Only when ambiguity exists, should a court look beyond the plain language and use the legislative history to determine the author's intent.

The debtors urge this Court to find the necessary ambiguity in the statute and, in so doing, look beyond its text. They argue that when the subsections are viewed individually, there appears to be no ambiguity. However, when viewed as a whole, the applicability of I.C. 34-55-10-2(c)(2) to the debtors' residence is unclear and ambiguous. Contrary to the debtors' assertion, it is precisely when the statute is viewed as a whole that its meaning is clear and unambiguous. By specifically referring to a debtor's "personal or family residence," I.C. 34-55-10-2(c)(1) provides a maximum exemption on the debtor's residence in the amount of fifteen thousand dollars ($15,000). Immediately thereafter, I.C. 34-55-10-2(c)(2) provides an eight thousand dollar ($8,000) exemption on "other" real estate of the debtor. Taken in context, the use of the word "other" as a modifier of "real estate" specifically precludes use of the exemption on the real estate of the preceding subsection, i.e., the debtors' personal residence. If not, its placement in

front of the words "real estate or tangible personal property" would be meaningless. The language in the statute does not allow a debtor to take the exemption of I.C. 34-55-10-2(c)(2) on his or her "personal or family residence," as that exemption is specifically set forth in I.C. 34-55-10-2(c)(1). The language of the statute, on its face, is clear and unambiguous and prevents debtors from "stacking" their exemptions to cover equity in their "personal or family residence."

Therefore, it is the finding of this Court that the plain-meaning of I.C. 34-55-10-2(c)(1) and (2) preclude the stacking of exemptions on debtors' "personal or family residence." Based on the foregoing, the Trustee's **Objection to Confirmation of Amended Plan** is hereby **SUSTAINED.**

# # #

Distribution to all counsel.